UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

QBE INSURANCE CORP.                                                                                          PLAINTIFF

V.                                                                            CIVIL ACTION NO.: 3:10cv338-DPJ-FKB

CALVIN McFARLAND D/B/A
McFARLAND JANITORIAL & MAINTENANCE
SERVICES, GREEN HILL FOREST PRODUCTS, INC.,
THE UNITED STATES DEPARTMENT OF THE
INTERIOR, NATIONAL PARK SERVICE,
NATCHEZ TRACE PARKWAY                                                                         DEFENDANTS

ORDER

This insurance-coverage dispute is before the Court on Motion to Dismiss [24] filed by Defendants Green Hill Forest Products, Inc. ("Green Hill") and Calvin McFarland d/b/a McFarland Janitorial and Maintenance Services.[1]  Plaintiff QBE Insurance Corp.'s ("QBE") Motion for Summary Judgment [26] is also before the Court.  Having considered the parties' submissions and the applicable law, the Court denies Defendants' Motion to Dismiss and finds that QBE's Motion for Summary Judgment is well taken and should be granted.

I.     FACTS & PROCEDURAL HISTORY

In October 2006, Calvin McFarland obtained the subject commercial general liability ("CGL") policy, No. ANG26481-3, through QBE for named insured McFarland Janitorial and Maintenance Services ("McFarland Janitorial"), a sole proprietorship owned by McFarland.  The policy was originally procured and annually renewed for McFarland Janitorial by insurance agent Jerry Foster.

---

[1] Because the parties have agreed that Green Hill is solely owned by Calvin McFarland, the references in this Order to "Green Hill" also include Calvin McFarland d/b/a "Green Hill."

1

McFarland Janitorial was not the first McFarland company for which Foster procured coverage. McFarland also owned Defendant Green Hill, a tree service enterprise, and around 2002, Foster procured a CGL policy for Green Hill through Colony Insurance Company. That policy was non-renewed a few years later due to an excessive claims history.

In 2009, after Green Hill lost its coverage, McFarland submitted the winning bid for a hazardous tree removal project along the Natchez Trace Parkway. The contract states that the project was awarded to Green Hill—not McFarland or McFarland Janitorial. During the work, Green Hill caused a tree to fall and damage a bridge on the Natchez Trace Parkway. Green Hill accepted responsibility, and the National Park Service submitted an "official notice of claim in the amount of $26,250.00" to Foster, who forwarded it to QBE. Pl.'s Mot. Summ. J. [26] Ex. 1.

A few months after receiving the official notice of claim, QBE filed this action, seeking declaratory judgment that it owes no duty to defend or indemnify McFarland Janitorial or Green Hill ("McFarland Defendants") for the "official" claim submitted by the National Park Service. Defendants United States Department of Interior, National Park Service, and Natchez Trace Parkway never answered QBE's Complaint and have not participated in this case. QBE then filed a Motion for Summary Judgment [26] asserting the "absence of insurance coverage for damage to the Natchez Trace Parkway caused by Calvin McFarland d/b/a Green Hill Forest Products." Pl.'s Mot. Summ. J. [26] at 1. The McFarland Defendants contend, however, that the suit is premature because QBE's claims are not ripe. They therefore filed a separate Motion to

2

Dismiss [24] without supporting memorandum.  Jurisdiction exists pursuant to 28 U.S.C.A. §§ 1346 and 1367 (West 2011) by virtue of QBE's claim against the United States.[2]

II.     ANALYSIS

      A.     Justiciability /Defendants' Motion to Dismiss

The McFarland Defendants support their ripeness argument with an affidavit from their attorney.  The affidavit reflects that an employee of the Natchez Trace's Contracting Office indicated to counsel that no claim is "being pursued against McFarland, individually or in his business capacity," and "that the Natchez Trace Parkway's legal department was conducting a cost benefit analysis to determine whether Natchez Trace Parkway will move forward with pursuing a claim against Mr. McFarland, et. al."  Def.'s Mot. [24] at 2.  The affidavit does not indicate whether the "official notice of claim" on the QBE policy had been abandoned.

"Material that is inadmissible will not be considered on a motion for summary judgment . . . ."  *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).  QBE raised hearsay and ethical objections to counsel's affidavit, and the record fails to establish admissibility.  Absent the affidavit, Defendants' Motion clearly fails under Rule 56(c), but the issue is not dispositive because the Motion to Dismiss falls short even including the disputed declarations.

The McFarland Defendants offered no relevant authority supporting their ripeness argument, and their position runs counter to precedent.  "The purpose of the Declaratory Judgment Act is 'to afford one threatened with liability an early adjudication without waiting

---

[2]QBE also asserts diversity jurisdiction, but it is not apparent that the amount in controversy exceeds the jurisdictional minimum.  *See Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11cv3KS–MTP, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29, 2011) (examining amount in declaratory judgment actions over insurance coverage).

until his adversary should see fit to begin an action after the damage has accrued.'" *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (citations omitted). The Declaratory Judgment Act provides that

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (West 2011).

In insurance practice, coverage disputes may present cases ripe for declaratory judgment before any suit has been filed implicating an insurer's duty to defend:

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but here is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2757 (3d ed. 2011).[3] In *Rowan*, the Fifth Circuit found that the controversy was "real, definite, and concrete, and therefore justiciable" because "all of the acts necessary for resolution of the merits of the claim. . . occurred prior to the filing of [the] complaint [for declaratory judgment]." 876 F.2d 26, 28 (5th Cir. 1989).

---

[3]*See Tower Ins. Co. of N.Y. v. Rainbow Granite & Marble, Inc.*, No. 10-60052-CV, 2010 WL 1740700 at *2 (S.D. Fla. April 29, 2010) (citing *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567, 1569 (11th Cir. 1995)); *Royal Ins. Co. of Am. v. Williams*, Civ. A. No. 90-0486, 1991 WL 244902 at *2 (E.D. La. April 29, 1991) (filing of underlying suit against insured not a "sacred requirement" for justiciability of insurer's declaratory complaint).

Here, the National Park Service sent an "official notice of claim" under the reference line "Notification of Insurance Claim." Pl.'s Mot. [26] Ex. 1. And while it may be considering its next move with respect to McFarland, individually, and his companies, there is no evidence that the claim on the policy has been dropped. Regardless, the National Park Services has a viable claim, made an official claim on the policy, and retains the right to pursue the McFarland Defendants. Under these circumstances, QBE's Complaint is ripe. *See Rowan*, 876 F.2d at 28 ("The declaratory judgment vehicle also is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty.") (citing *Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989, 990 (5th Cir. 1952)). McFarland Defendants' Motion to Dismiss [24] is denied.

    B.    QBE's Motion for Summary Judgment

The Court now turns to QBE's Motion for Summary Judgment [26]. Pursuant to *Erie R.R. v. Tompkins*, this Court applies Mississippi law to the substantive issues in QBE's Motion. 304 U.S. 64 (1938).

        1.    Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The non-moving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

2. QBE's Duty to Defend and Indemnify Green Hill

QBE moved for summary judgment contending that Green Hill is not an insured entity under the policy.  It did so based on the following undisputed facts—among others.  First, McFarland Janitorial, not McFarland or Green Hill, is designated as the named insured on the declarations page.  Pl.'s Mot. [26] Ex. 3, QBE Policy at 14 of 42.  Second, the insurance application names McFarland Janitorial, not Green Hill, as the named insured.  Compl. [1] Ex. 2 at 42–44 of 44.  Third, in the "Business Description" subsection, the business is described as "Janitorial Services."  Pl.'s Mot. [26] Ex. 3, QBE Policy at 14 of 42.  There is no mention of hazardous tree removal.  Fourth, the "Classification and Premium," section of the declarations

page indicates a "Janitorial Services" classification without reference to hazardous tree removal. *Id.*

As QBE notes, several courts have found no coverage under analogous circumstances. *See Charter Oak Fire Ins. Co. v. Coleman*, 273 F. Supp. 2d 903 (W.D. Ky. 2003); *Consol. Am. Ins. Co. v. Landry*, 525 So. 2d 567 (La. Ct. App. 1988); *Truck Ins. Exchange v. Assurance Co. of Am.*, No. C047045, 2005 WL 1744969 (Cal. 3 Dist. Ct. App. July 26, 2005). The McFarland Defendants offered no response to the substance of QBE's Motion , waiving any argument that coverage exists for Green Hill. *See*, *e.g.*, *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."); *Felhaber v. Felhaber*, 702 F.2d 81, 84 (5th Cir. 1983) ("[T]he issue was abandoned by failure to raise it in either of [the] two briefs in response to the motion for summary judgment and by failure to include it in the pretrial stipulation."). Instead, the legal analysis in Defendants' Response [29] focuses exclusively on the ripeness issue addressed above.[4]

---

[4] In the "Relevant Facts" section of their Response, Defendants mention McFarland's affidavit statement that he consulted with Foster about proof of coverage required to bid on the Natchez Trace project. According to McFarland, Foster said he would be "fine and instructed [him] to forward the certificate of general liability to Natchez Trace Parkway." Response [29], Ex. A, McFarland Aff. ¶5. It is not apparent whether Defendants attach any legal significance to these alleged statements— which Foster denies—because they are never argued or even mentioned in the "Legal Analysis" section of the Response. *See Felhaber*, 702 F.2d at 84 (finding waiver where arguments not raised). Regardless, the statements would not prevent summary judgment. To begin, the affidavit fails to indicate whether McFarland told Foster that Green Hill would do the work. Absent that fact, the affidavit fails to support any inference that Foster thought McFarland would be "fine" offering McFarland Janitorial's policy as proof of coverage for Green Hill. *See TIG Ins. Co.*, 276 F.3d at 759 (noting duty to come forward with specific facts). And even if that inference could be read into the affidavit, Defendants have not addressed how this evidence evades the parole evidence rule. Finally, "[u]nder Mississippi law, an agent's representations can continue coverage, but cannot serve as a basis to create coverage."

7

Because Green Hill is not an insured entity under the policy, QBE owes Green Hill no duty to indemnify.  *Evanston Ins. Co. v. Neshoba Cnty Fair Ass'n*, 442 F. Supp. 2d 344, 346 n.1 (S.D. Miss. 2006) ("The duty to defend is broader than the duty to indemnify. . .Thus, there may be a . . . [sic] duty to defend even when there is ultimately no duty to indemnify, but if there is no duty to defend, there can be no duty to indemnify.").

V.   CONCLUSION

Based on the foregoing, QBE's Motion for Summary Judgment [26] is granted, and the McFarland Defendants' Motion to Dismiss [24] is denied.  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

*Kubow v. Hartford Cas. Ins. Co.*, 475 F.3d 672, 676 (5th Cir. 2007) (citations omitted).